[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 627.]

OFFICE OF DISCIPLINARY COUNSEL *v*. SUMMERS.

[Cite as *Disciplinary Counsel v. Summers*, 1996-Ohio-245.]

*Attorneys at law—Misconduct—Indefinite suspension—Failing to promptly pay or deliver funds client is entitled to receive—Failing to carry out contract of employment—Engaging in conduct prejudicial to the administration of justice—Neglecting an entrusted legal matter.*

(No. 95-2528—Submitted January 24, 1996—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-54.

_____

{¶ 1} In an amended complaint filed August 24, 1995 with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), relator, Office of Disciplinary Counsel, charged respondent, Robert Lee Summers of Millersport, Ohio, Attorney Registration No. 0034280, with two counts of professional misconduct. Respondent was served notice of the complaint and amended complaint, but failed to formally answer.[1] A panel appointed by the board heard the matter on relator's motion for default, filed pursuant to Gov.Bar R. V(6)(F).

{¶ 2} With respect to Count I, evidence submitted with the motion for default established that Daniel Crawford hired respondent on September 13, 1994 to file a mechanic's lien, paying him one hundred twenty dollars. They agreed that respondent would prepare the necessary paperwork and telephone Crawford on September 16, 1994 to schedule a time for signing the papers. Respondent did not

_____

1. Respondent denied some of the allegations in the original complaint in a letter to relator that he did not file with the board. The letter also advised that respondent was without financial means to support himself, and that he had recently been jailed, locked out of his home and office, and hospitalized.

call on that date and, several days later, Crawford attempted unsuccessfully to contact him. Crawford tried again the next day, only to learn from a recorded message that respondent could be reached at a new number. Crawford called the new number and left a message with the person who answered; respondent did not return the call.

{¶ 3} After his repeated attempts to contact respondent failed, Crawford sent respondent a message by facsimile. Still, respondent did not reply. Crawford retained another attorney at a cost of one hundred ninety-five dollars, and that attorney was able to to file the lien just before the deadline. During relator's investigation, respondent promised to refund Crawford's money by January 25, 1995, but no evidence establishes this payment.

{¶ 4} With respect to Count II, the evidence established that respondent represented Prudential LMI, an insurance carrier, in an action brought by an insured against a third party for certain business losses. During the first day of trial, the plaintiff-insured's attorney asked to assist respondent in preparing some experts who would testify in their clients' cases. Respondent accepted his offer, and the attorneys agreed to meet with the expert witnesses that evening. When the plaintiff's attorney arrived at respondent's hotel room, he suspected that respondent was intoxicated due to his slurred speech and unstable gait. Respondent assured him that he had already spoken to the witnesses, but the plaintiff's attorney later discovered that little had been done to prepare them. During trial the next day, respondent insisted on examining the experts himself, but failed to properly qualify his first expert or frame appropriate questions. The trial court eventually stopped the proceeding and granted a mistrial on the ground that respondent was impaired and unable to adequately represent his client.

{¶ 5} The panel granted the motion for default and found that respondent's conduct violated DR 9-102(B)(4) (failing to promptly pay or deliver to the client funds the client is entitled to receive), 7-101(A)(2) (failing to carry out a contract

2

of employment), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and 6-101(A) (3) (neglecting an entrusted legal matter). In recommending a sanction for this misconduct, the panel considered that respondent had been admitted to the practice of law in 1956 and had no prior disciplinary infractions. The panel also considered relator's representations that respondent was not registered as "active" in compliance with Gov.Bar R. VI, nor had he complied with continuing legal education requirements under Gov.Bar R. X. The panel recommended that the respondent be indefinitely suspended from the practice of law.

{¶ 6} The board adopted the panel's findings of fact, conclusions of law, and recommendation.

―――――――――――

*Geoffrey Stern*, Disciplinary Counsel, and *Stacy M. Solochek*, Assistant Disciplinary Counsel, for relator.

―――――――――――

*Per Curiam*.

{¶ 7} We concur in the findings of misconduct and recommendation of the board. Respondent, Robert L. Summers, is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

―――――――――――